**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hayden A Beaulieu, | No. CV-17-00608-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| H. Lopez, et al., | |
| Defendants. | |

Pending before the Court are Plaintiff's Motion to Suppress Transcript of Deposition (Doc. 114), Motion for Extension of Discovery Deadline (Doc. 118), and Motion to Remove Case from Detainee Track (Doc. 119). Defendant McLean has filed responses to the Motion to Suppress Transcript (Doc. 117) and the Motion for Extension of Time (Doc. 122) and Defendants Capas and Lopez have joined in both responses (Docs. 121, 123). The Court will separately address each of Plaintiff's three motions.

Plaintiff was released from incarceration on or about December 20, 2019 and now resides in Phoenix. (Doc. 120).

**A. Motion to Suppress Transcript of Deposition**

On November 12, 2019, Defendants Lopez, Capas, and McLean, through counsel, deposed Plaintiff. (Doc. 114 at 1.) The deposition took place in Red Rock Correctional Center in Eloy, Arizona, where Plaintiff was incarcerated at the time. (*Id*.) Plaintiff filed

the pending Motion to Suppress Transcript on December 16, 2019. (Doc. 114.) Plaintiff asserts that "he was under physical duress during the deposition due to his restraints and lack of food or restroom breaks." (*Id.* at 1.) He contends that this "physical duress impacted his ability to recall specific events when answering the deposition question[s]." (*Id.*) He states that "he was not allowed to stand up for a break" and that although "[t]here was a short break in the middle of the deposition, he was not permitted by prison staff to walk or use the restroom." (*Id.* at 2.) Defendants oppose the Motion to Suppress. (Docs. 117, 121.) In support of their opposition, Defendants provide documentation in the form of deposition testimony excerpts showing that Plaintiff was informed of the ability to take breaks, a break was taken at 12:48 p.m., and Plaintiff affirmatively answered that nothing would prevent him from being able to answer questions fully and truthfully. (Doc. 117-1 at 10, 12–13.) Additionally, the parties stipulated that Plaintiff would have until January 10, 2020 to review the transcript of the deposition and make any necessary corrections. (*Id.* at 17); Fed. R. Civ. P. 30(e).

"An objection to an error or irregularity at an oral examination is waived if. . . it relates to the manner of taking the deposition. . . and it is not timely made during the deposition." Fed. R. Civ. P. 32(d)(3)(B)(i). The evidence before the Court shows that, if Plaintiff was in fact denied a break, he did not object to the denial during the deposition. The objection has been waived. Fed. R. Civ. P. 32(d)(3)(B)(i).

Additionally, Plaintiff has not provided, nor has the Court located, any legal authority that would permit the Court to strike Plaintiff's deposition testimony from the record under the circumstances of which he complains.[1] *See Spence v. Kaur*, No. 216CV1828TLNKJNP, 2019 WL 2566970, at *2 (E.D. Cal. June 21, 2019) (Plaintiff failed to identify any legal authority or show good cause to support striking an entire

---

[1] There are other circumstances in which courts have found suppression of deposition testimony appropriate. *See, e.g., Bernstein v. Brenner*, 51 F.R.D. 9, 11 (D.D.C 1970) (discussing suppression of unsigned deposition); *Cont'l Can Co. v. Crown Cork & Seal, Inc.*, 39 F.R.D. 354, 356 (E.D. Pa. 1965) (discussing suppression of deposition where party was deprived of opportunity to cross-examine deponent). However, the Court has not located any authority that would permit striking deposition testimony under the circumstances alleged by Plaintiff.

deposition after it was completed); *see also Griffin v. Johnson*, No. 113CV01599LJOBAMPC, 2016 WL 4764670, at *1 (E.D. Cal. Sept. 12, 2016) (Court defers to prison officials regarding the manner in which deposition is taken). Furthermore, Plaintiff had an opportunity to review the transcript and make changes to its form or substance pursuant to Fed. R. Civ. P. 30(e). *See, e.g., Herring v. Teradyne, Inc.*, No. CIV. 01CV1835-L(JFS), 2002 WL 32068318, at *2 (S.D. Cal. Nov. 4, 2002) ("Rule 30(e) does not limit the types of changes a deponent may make to his or her deposition transcript"). When changes are made, both the original answers and the amended answers, along with reasons for the amendments, are admitted into evidence. *Podell v. Citicorp Diners Club, Inc.*, 112 F.3d 98, 103 (2d Cir. 1997). Changes to the deposition testimony pursuant to Rule 30(e) may provide Plaintiff with the relief he seeks. Plaintiff's Motion to Suppress Transcript of Deposition will be denied.

### B. Motion for Extension of Discovery Deadline

Plaintiff filed a Motion for Extension of Time to Complete Discovery on September 5, 2019. (Doc. 89.) The Court granted that motion on November 1, 2019 and extended the parties' discovery deadline to January 13, 2020. (Docs. 96, 97.) At that time, Plaintiff was incarcerated and was experiencing difficulties accessing discovery materials. (Doc. 97 at 4.) The Court found that Plaintiff had shown good cause to extend the discovery deadline. (*Id*. at 4–5.) Plaintiff filed a second Motion to Extend Discovery Deadline on November 12, 2019 (Doc. 99), which the Court denied on November 19, 2019 because it had recently granted an extension and Plaintiff had not shown good cause for a further extension (Doc. 103).

Plaintiff's instant Motion for Extension of Discovery Deadline, filed on December 30, 2019, asserts four grounds for extending the discovery deadline: (1) his recent incarceration delayed his ability to access witnesses whom he intends to have testify; (2) he was never able to review 2,000 pages of discovery documents and did not receive those documents upon his release from incarceration; (3) in relation to his deposition, Plaintiff has requested to have the deposition testimony struck and "is not opposed" to the

deposition being retaken, but doing so would require extending discovery; and (4) the period of time between Plaintiff's release from incarceration on December 20, 2019 and the current deadline of January 13, 2020, is insufficient. (Doc. 118.) Defendants oppose Plaintiff's request for a third extension of the discovery deadline. (Docs. 122, 123.)

Extensions of time are permitted "for good cause." Fed. R. Civ. P. 6(b)(1). "This rule should be liberally construed to advance the goal of trying each case on the merits." *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016). "The Court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking extension." Fed. R. Civ. P. 16 advisory committee's note to 1983 Amendment. "Diligence" may be shown if (1) the movant assisted the Court in creating a workable schedule; (2) the movant's non-compliance with the scheduling order is occurring because of matters which could not have been reasonably foreseen or anticipated; and (3) the movant was diligent in seeking an extension as soon as it became apparent he could not comply with the order. *See Lopez v. Florez*, No. 1:08-CV-01975-LJO, 2013 WL 1278417, at *1 (E.D. Cal. Mar. 26, 2013).

Plaintiff has not demonstrated good cause to extend the discovery deadline, nor has he demonstrated that he made diligent efforts to comply with the current deadline of January 13, 2020. Plaintiff's instant motion repeats some of the same arguments made in his November 12, 2019 motion for extension of time, which was denied. Plaintiff clearly anticipated the difficulties with discovery set forth in his previous motion for extension. Merely repeating the same contentions, without demonstrating diligent efforts to conduct discovery while incarcerated by providing additional specific information regarding his efforts and potential barriers to accomplishing his goals, does not provide good cause for a further extension of time. The Court has already extended the discovery deadline multiple times in order to accommodate Plaintiff's *pro se* status and the difficulties of litigating his case while incarcerated. Absent a stronger showing of good cause and diligence, the Court declines to grant a further extension of the discovery deadline in this case.

### C. Motion to Remove Case from Detainee Track

Plaintiff moves to have the case removed from the detainee track. (Doc. 119.) The Court's previous order placed this case on the detainee track pursuant to LRCiv 16.2(b)(2) following Plaintiff's re-incarceration in August of 2019. (Docs. 96, 97.) Plaintiff has now been released and is residing in Phoenix. (Doc. 120.) The Court will grant Plaintiff's Motion to Remove Case from Detainee Track.

Accordingly,

**IT IS ORDERED** that:

(1) Plaintiff's Motion to Suppress Transcript of Deposition (Doc. 114) is **denied**.

(2) Plaintiff's Motion for Extension of Discovery Deadline (Doc. 118) is **denied**.

(3) Plaintiff's Motion to Remove Case from Detainee Track (Doc. 119) is **granted**. This case is ordered assigned to the Standard Track pursuant to LRCiv 16.2(b)(3).

Dated this 15th day of January, 2020.

_____
Honorable Rosemary Márquez
United States District Judge